**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| **KIMBERLY CARR,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**HUMANA INC.**<br><br>*Defendant.* | Case No.<br>3:25-cv-00476-DJH<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF HER RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff submits this Notice of Supplemental Authority to advise the Court of three recent decisions relevant to the Court's consideration of Defendant's motion on the grounds that there exists no private right of action for the caller ID regulations codified at 47 C.F.R. § 64.1601(e), as well as on the merits of Plaintiff's direct liability claims. The decisions are *Weingrad v. DaBella Exteriors, LLC*, No. 3:25-CV-396-SI, 2026 WL 496609 (D. Or. Feb. 23, 2026), *Novia v. MoBiz, Inc.*, No. 25-CV-11036-AK, 2026 WL 752181, at *4 (D. Mass. Mar. 17, 2026), and *McClain v. FirstSource Solutions USA, LLC*, No. 3:25-cv-00150, ECF 41 (W.D. Ky. Mar. 18, 2026).

In *Weingrad*, the Court considered an essentially identical motion to dismiss on the theory that there was no private right of action for the 47 C.F.R. § 64.1601(e) caller ID claims for the text message calls at issue in that case. However, upon reviewing many of the same authorities Defendant cites, in light of "several *other* federal district courts" to have considered

Notice of Supp. Authority                  1

the issue, the Court held that there is a private right of action for violations of because "[t]he FCC promulgated § 64.1601(e) through its authority under 47 U.S.C. § 277(c)." As a result, the Court held that the plaintiff "may avail himself of the express private right of action in that section." *Weingrad*, 2026 WL 496609 at *5-6.

In *Novia*, the Court reached the same conclusion on the caller ID claims, considering arguments similar to those made here. The Court in *Novia* rejected the notion both that the plaintiff suffered no harm, and thus lacked standing, because the text message calls included the name of the company whose services were promoted (unlike here). *Novia*, 2026 WL 752181, at *3. And the Court similarly concluded that the caller ID regulation's "expansive language" appropriately "pair[ed] with Section 227(c)'s broad purpose to protect residential telephone subscribers' privacy rights," including for the text message calls at issue there. *Id.* at *5.

Finally, in *FirstSource*, Judge Hale of this Court held as sufficient for direct liability the Plaintiff's allegations that he received calls that named the Defendant, including based on the fact that the Plaintiff was directed to the Defendant's website. *FirstSource*, ECF No. 41, PageID 211.

Plaintiff respectfully requests that the Court consider this submission as further authority supporting Plaintiff's opposition to Defendant's motion and respectfully submits that this Court should similarly rule.

Dated: March 19, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

March 19, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.