**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| **KIMBERLY CARR,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**HUMANA INC.**<br><br>*Defendant.* | Case No. 3:25-cv-476-DJH<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT HUMANA INC.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Humana Inc. ("Humana") answers Plaintiff's Class Action Complaint ("Complaint") and states as follows:

1. The Telephone Consumer Protection Act speaks for itself, and Humana denies Plaintiff's attempts to characterize the same. Humana lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

2. The Telephone Consumer Protection Act and the regulations promulgated thereunder speak for themselves and Humana denies Plaintiff's attempts to characterize the same. Paragraph 2 also states legal conclusions, to which no response is required. To the extent any response is required, Humana denies the allegations.

3. Humana lacks sufficient information to admit or deny Plaintiff's reasons for bringing this action and therefore denies the allegations. Humana denies all remaining allegations, including any allegation that Humana violated the TCPA.

## PARTIES

4.      Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

5.      Humana admits the allegations.

## JURISDICTION AND VENUE

6.      Paragraph 6 states legal conclusions, to which no response is required. To the extent any response is required, Humana denies the allegations.

7.      Paragraph 7 states legal conclusions, to which no response is required. To the extent any response is required, Humana denies the allegations.

## BACKGROUND

8.      The Telephone Consumer Protection Act speaks for itself, and Humana denies Plaintiff's attempts to characterize the same.

9.      The Telephone Consumer Protection Act speaks for itself, and Humana denies Plaintiff's attempts to characterize the same.

10.     The Telephone Consumer Protection Act speaks for itself, and Humana denies Plaintiff's attempts to characterize the same.

11.     The Telephone Consumer Protection Act speaks for itself, and Humana denies Plaintiff's attempts to characterize the same.

12.     The Telephone Consumer Protection Act speaks for itself, and Humana denies Plaintiff's attempts to characterize the same.

13.     The Telephone Consumer Protection Act speaks for itself, and Humana denies Plaintiff's attempts to characterize the same.

14.     The Telephone Consumer Protection Act speaks for itself, and Humana denies Plaintiff's attempts to characterize the same.

## FACTUAL ALLEGATIONS

15. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

16. Humana denies the allegations.

17. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

18. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

19. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

20. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

21. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

22. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

23. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

24. Humana denies the allegations.

25. Humana denies the allegations.

26. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

27. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

28. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

29. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

30. Humana denies the allegations.

31. Humana admits that it has an employee named Ileana Ronela Baijal. Humana lacks sufficient information to admit or deny what unspecified "public license records" reflect and therefore denies Plaintiff's allegations regarding such records. Humana denies all remaining allegations.

32. Humana denies the allegations.

33. Humana denies the allegations.

34. Humana denies the allegations.

35. Humana lacks sufficient information to admit or deny the allegations and therefore denies the same.

36. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

37. Humana lacks sufficient information to admit or deny the allegations and therefore denies the same.

38. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

39. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

40. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

41. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

42. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

43. Humana lacks sufficient information to affirm or deny the allegations and therefore denies the same.

44. Paragraph 44 states legal conclusions, to which no response is required. To the extent any response is required, Humana denies the allegations.

45. Humana denies the allegations.

46. Humana denies the allegations.

47. Humana denies the allegations.

48. Humana denies the allegations.

49. Humana denies the allegations.

## CLASS ACTION ALLEGATIONS

50. Humana incorporates by reference its responses to paragraphs 1-49 as if fully laid out herein.

51. Humana admits that Plaintiff purports to bring claims on behalf of herself and a class but denies that a class can be certified and denies all remaining allegations.

52. Humana denies the allegations.

53.     Humana denies the allegations.

54.     Humana denies the allegations.

55.     Humana denies the allegations.

56.     Humana denies the allegations.

57.     Humana denies the allegations.

## COUNT I

58.     Humana incorporates by reference its responses to paragraphs 1-57 as if fully laid out herein.

59.     Paragraph 59 states legal conclusions, to which no response is required. To the extent any response is required, Humana denies the allegations.

60.     Humana denies the allegations.

61.     Humana denies the allegations.

62.     Humana denies the allegations.

63.     Humana denies the allegations.

## COUNT II

64.     Humana incorporates by reference its responses to paragraphs 1-63 as if fully laid out herein.

65.     Paragraph 65 states legal conclusions, to which no response is required. To the extent any response is required, Humana denies the allegations.

66.     Paragraph 66 states legal conclusions, to which no response is required. To the extent any response is required, Humana denies the allegations.

67.     Humana denies the allegations.

68.     Humana denies the allegations.

69.     Humana denies the allegations.

70.     Humana denies the allegations.

## AFFIRMATIVE AND OTHER DEFENSES

Humana asserts the following affirmative and other defenses without assuming the burden of proof on issues for which the burden would ordinarily be upon Plaintiff.

1.     Plaintiff's alleged claims, and each of them, fail to state a claim upon which relief may be granted.

2.     The text messages at issue were not sent by Humana or by any agent acting with actual or apparent authority from Humana.

3.     Any calls to Plaintiff were made with the prior express consent of the recipient.

4.     Any calls to Plaintiff were made with the prior express consent of the owner of the phone number at which the call was received.

5.     Any calls to Plaintiff were made based on the good faith belief that the owner of the phone number being called had given her prior express consent.

6.     Plaintiff failed to mitigate her damages by failing to inform the caller that she no longer wished to receive calls in the future.

7.     Any calls to Plaintiff did not violate the TCPA because such calls did not introduce an advertisement or constitute telemarketing.

8.     Plaintiff lacks standing to pursue her claims under Article III of the U.S. Constitution, because she suffered no concrete or particularized injury as a result of any conduct by Defendant.

9.     Plaintiff's request for aggregated statutory damages for the putative class violates the Due Process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Humana respectfully request that the Court enter judgment for Defendant

and for such other and further relief that the Court deems proper.

Dated: April 6, 2026                    Respectfully submitted,

By:  */s/ Burt A. Stinson*
Michael P. Abate
Burt A. (Chuck) Stinson
Kaplan Johnson Abate & Bird LLP
710 W. Main St., 4th Floor
Louisville, KY 40202
(502) 450-8280
mabate@kaplanjohnsonlaw.com
cstinson@kaplanjohnsonlaw.com

Darci Madden (*admitted pro hac vice)*
Justin Kingsolver (*admitted pro hac vice*)
Bryan Cave Leighton Paisner LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000
darci.madden@bclplaw.com
justin.kingsolver@bclplaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 6, 2026, a copy of the foregoing was served on counsel through the ECF system, and that a copy was served on the following by electronic mail:

*/s/ Burt A. Stinson*

8