**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

*ELECTRONICALLY FILED*

| | |
|---|---|
| **KIMBERLY CARR,** individually and on behalf of all others similarly situated, <br><br>    *Plaintiff,* <br><br> *v.* <br><br> **HUMANA INC.** <br><br>    *Defendant.* | Case No. 3:25-cv-476-DJH |

**RULE 26(f) JOINT STATUS REPORT AND**
**PROPOSED DISCOVERY PLAN**

Pursuant to Federal Rules of Civil Procedure 16(b)(2) and 26(f), the Joint Local Rules of Civil Practice ("Local Rules"), and this Court's Order dated March 25, 2026 ("Order") (ECF No. 29), Defendant Humana Inc. ("Defendant") and Plaintiff Kimberly Carr ("Plaintiff" and together with Defendant, the "Parties") hereby submit this Rule 26(f) Joint Status Report and Proposed Discovery Plan through undersigned counsel.

The Parties conducted their Rule 26(f) conference by telephone/videoconference on April 1, 2026. Defendant's counsel Mike Abate, Darci Madden, and Janessa Jean Jacques and Plaintiff's counsel Andrew Perrong attended the conference. At the Rule 26(f) conference, the Parties discussed the topics required pursuant to Rule 26(f), the Local Rules, and the Court's Order. The Parties' respective positions regarding each topic are set forth in detail below. The Rule 16 case management conference is set for April 24, 2026.

## I.   BRIEF DESCRIPTION OF THE FACTS AND ISSUES

Plaintiff filed this putative nationwide class action against Defendant on July 29, 2025 (ECF No. 1).  Plaintiff asserts two separate claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227: (1) that she received text messages that violated a regulation promulgated under the TCPA because they failed to include required Caller ID information, and (2) that she received text messages and phone calls that violated the TCPA because her number is listed on the federal Do Not Call ("DNC") Registry. Defendant denies these allegations. Defendant moved to dismiss this case on August 21, 2025. The Court denied the motion on March 23, 2026.

### A.  Plaintiff's Position

Plaintiff maintains that, currently, and based on the information best known and available to her at this juncture of the case, and as the Court observed in denying Defendant's motion to dismiss, the Plaintiff received calls from Humana, including calls from Humana's direct caller ID. As to the text message calls precipitating such communications, the Plaintiff has already served discovery on Humana to ascertain any vendors or potential vendors involved in the communications at issue, in addition to issuing a subpoena to a telephone provider believed to possess relevant information. Plaintiff denies Defendant's claims that the Defendant obtained consent to send the illegal calls at issue. Plaintiff further disputes Defendant's characterization of the calls as not telemarketing, as they were plainly sent to encourage the purchase of Humana's healthcare plans. Based on the number of calls that Humana placed, including with non-compliant caller ID information, the potential class easily meets the numerosity requirements of Rule 23. In making the aforementioned statement, Plaintiff expressly does not waive any rights or arguments under applicable rules or otherwise.

2

### B. Defendant's Position

Plaintiff's claims under the TCPA, 47 U.S.C. § 227, arise from (1) text messages that were initiated by a third party that had no authority to send them from Defendant nor were they related or on behalf of defendant and (2) telephone calls made with express permission and that do not give rise to liability under the TCPA, either individually or on a class-wide basis. Plaintiff nonetheless alleges that Defendant violated the TCPA by sending unlawful text messages and placing unlawful telemarketing calls to a number allegedly listed on the National Do-Not-Call Registry and by engaging in telemarketing activity giving rise to a putative Telemarketing Caller ID class.

Defendant disputes that it sent the text messages or that it authorized anyone else to send them. Defendant also disputes the challenged calls were telemarketing in nature, denies that they violated the National Do-Not-Call provisions, and contends that the calls were permissible return calls made in response to a consumer-initiated inquiry, with the express consent of the recipient. Further, even if the person who provided the phone number to Defendant and asked for a call back was not, in fact, authorized to consent to calls to that number, this does not support certification of claims for class treatment. Defendant does not believe that there is a sufficient number of people similarly situated to Plaintiff to satisfy the numerosity requirement of Rule 23, and individual issues would predominate over common ones in any class proceeding.

## II. DISCOVERY PLAN

### A. Rule 26(a) Initial Disclosure

The Parties propose to serve their initial disclosures by April 30, 2026. The Parties do not seek any changes to the disclosure requirements under Rule 26(a).

**B. Subjects of Discovery**

Currently, Plaintiff and/or Defendant plan to take discovery on the following topics and reserve the right to add additional material factual issues as the case progresses. Defendant proposes that discovery should be bifurcated, with the first phase of discovery limited to: (1) issues relating to Plaintiff's individual claim and (2) whether the requirements for class certification are met (the "Phase I Topics"). Plaintiff disagrees with the Defendant's position on bifurcation and welcomes the opportunity to conduct motions practice on any proposal seeking to bifurcate or otherwise limit discovery.

i.  Plaintiff's Subjects of Discovery:

- The ownership of the telephone numbers at issue.

- The caller ID registrations for the numbers at issue.

- The relationship between the Defendant and any third parties identified as owning or registered to the telephone numbers at issue (if any).

- Defendant's relationship with vendors and third parties that it engages for telemarketing and marketing.

- Identification of potential class members.

- Calling records identifying class members, including calls sent in violation of the TCPA's Do Not Call and Caller ID provisions.

- Other information and discovery necessary to meet Rule 23's requirements.

- Defendant's Internal and Federal Do Not Call policies and procedures.

- Information to rebut or address Defendant's defenses and/or affirmative defenses.

ii.  <u>Defendant's Subjects of Discovery (Phase I Topics)</u>

- The calls made to Plaintiff;

- Plaintiff's contacts with Defendant;

- Plaintiff's mother's contacts with Defendant (including but not limited to Plaintiff's mother's call to Defendant in which she provided the number at issue as her callback number).

- The status and history of Plaintiff's telephone number on the Do Not Call list.

- Caller identification and do-not-call request capability.

- The source, origination, and attribution of the challenged text messages.

- Requests to cease communications by Plaintiff, including any alleged do-not-contact requests and Defendant's handling of such requests.

- Plaintiff's adequacy to serve as a class representative.

- Issues relating to standing, causation, and damages, including Plaintiff's alleged injury and entitlement to statutory damages.

### C.  Discovery Schedule

The Parties jointly propose the schedule set forth in Attachment A. The parties propose deadlines only through class certification briefing and propose that further deadlines be set after the Court determines whether this case will proceed as an individual or class case.   The parties

respectfully suggest that such a schedule will serve the interests of judicial economy, given the difference in the way that motion practice and a trial will change depending on which form the case takes.  Once the Court has ruled on Plaintiffs' anticipated class certification motion, the Parties will meet and confer and propose an amended case management plan with deadlines up to and including a trial date.[1] The Parties thus respectfully ask the Court to issue a scheduling order now setting deadlines in accordance with the proposed schedule set forth in Attachment A.  The Parties' proposed schedule would ensure that discovery related to the named Plaintiff and class certification would be complete in time to be used in connection with class certification and related briefing.

### D.  Changes to the Limitations on Discovery

The Parties presently do not anticipate the need for any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure or the Local Rules.

### E.  Electronically Stored Information

The Parties are aware of their duties regarding the preservation of discoverable information.  The Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), and have represented that steps have been taken to preserve evidence relevant to this litigation.  The Parties shall meet-and-confer and jointly propose an electronic discovery protocol, and submit any disputes related to that protocol, by the date set in Attachment A.

---

[1] Should the Court require the Parties to propose a schedule that includes post-class certification deadlines at this time, the Parties will confer and file an amended Rule 26(f) Report.

6

**F.   Other Orders**

The Parties agree and acknowledge that discovery in this TCPA action will likely involve the extensive production of materials containing sensitive and non-public customer information, including personally identifiable information ("PII") and Protected Health Information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Such materials will warrant heightened protection from public disclosure. The Parties therefore agree that discovery should be governed by a mutually acceptable confidentiality agreement and protective order pursuant to Federal Rule of Civil Procedure 26(c). The Parties will prepare and execute a stipulated confidentiality agreement addressing both PII and PHI and other confidential information, will comply with applicable Local Rules governing sealing, and will include a Federal Rule of Evidence 502(d) non-waiver provision to preclude any claim of privilege waiver based on the production of materials in this litigation. The parties have agreed to consent to the electronic exchange of discovery requests and materials in this litigation.

**G.   Expert Discovery**

The Parties anticipate engaging in certain expert discovery in connection with class certification briefing.  Following the Court's entry of an order deciding Plaintiffs' class certification motion, the Parties will confer as to whether any additional expert analysis will be necessary.  A deadline for expert disclosures related to the named Plaintiffs and class certification is set forth in Attachment A.

**H.   Supplementation under Rule 26(e)**

The Parties will comply with their obligations to supplement disclosures under Rule 26(e) and do not otherwise seek a Court-imposed deadline to do so.

## I. Amendment and Joinder

The dates the Parties have proposed as deadlines for Plaintiffs and Defendant to amend pleadings or join parties are set forth in Attachment A.

## III. DISPOSITIVE MOTIONS

Defendant anticipates seeking summary judgment in its favor on all of Plaintiff's remaining claims. Plaintiff intends to file a motion for class certification. Following the Court's resolution of Plaintiff's forthcoming class certification motion, the Parties will confer regarding cutoff dates for any remaining, unfiled dispositive motions.

## IV. ESTIMATE OF TIME TO FILE PRETRIAL MOTIONS

At this time, the Parties' estimate of the time necessary to file pretrial motions depends on whether one or more classes are certified in this case. Accordingly, the Parties propose that they provide this estimate after the Court has ruled on Plaintiffs' forthcoming class certification motion.

## V. FINAL DATES TO FILE OBJECTIONS UNDER RULE 26(a)(3)

As proposed above, the Parties will propose final dates for objections pursuant to Rule 26(a)(3) after the Court has ruled on class certification.

## VI. ALTERNATIVE DISPUTE RESOLUTION

At this time, the Parties do not believe that there is a possibility of settlement or resolution of the case, including through alternative dispute resolution including mediation. The Parties intend to revisit this question closer in time to the briefing of Plaintiffs' forthcoming class certification motion.

## VII.    TRIAL ESTIMATE

At this time, the Parties' estimate as to the probable length of trial depends on whether and to what extent one or more classes are certified in this case.  Accordingly, the Parties propose that they provide this estimate after the Court has ruled on class certification.

## VIII.    TRIAL DATE

As proposed above, the Parties will propose a trial date after the Court has ruled on Plaintiffs' forthcoming class certification motion.

## IX.    CONSENT TO MAGISTRATE JUDGE

The Parties do not consent to referral of this case to the United States Magistrate for all purposes.

Dated: April 20, 2026                    Respectfully submitted,


By:  */s/        Andrew R. Perrong*
Andrew R. Perrong
Perrong Law LLC
2657 Mount Carmel Ave.
Glenside, PA 19038
(215) 225-5529
a@perronglaw.com

By:  */s/        Michael P. Abate* Michael
P. Abate (With Permission)
Burt A. ("Chuck") Stinson
Kaplan Johnson Abate & Bird LLP
710 W. Main St., 4th Floor
Louisville, KY 40202
(502) 450-8280
mabate@kaplanjohnsonlaw.com
cstinson@kaplanjohnsonlaw.com

Darci Madden (*admitted pro hac vice)*
Justin Kingsolver (*admitted pro hac vice*)

9

Bryan Cave Leighton Paisner LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000
darci.madden@bclplaw.com
justin.kingsolver@bclplaw.com

## ATTACHMENT A

| EVENT | PROPOSED DATES |
| --- | --- |
| Deadline to complete initial disclosures. | April 30, 2026 |
| Deadline to add parties or amend pleadings. | June 26, 2026 |
| Close of fact discovery on all issues related to the named plaintiff's claims and whether Rule 23 requirements for certification are met. | September 25, 2026 |
| Deadlines for Plaintiffs' disclosure of expert written reports on all issues related to class certification and the named plaintiff's claims. | October 2, 2026 |
| Deadline for depositions of Plaintiffs' expert(s) in connection with disclosed opinions. | October 23, 2026 |
| Deadline for Defendant's disclosure of expert written reports on all issues related to class certification and the named plaintiff's claim. | November 13, 2026 |
| Deadline for depositions of Defendant's expert(s) in connection with disclosed opinions. | December 4, 2026 |
| Deadline for Plaintiffs' Class Certification Motion. | January 29, 2027 |
| Deadline for Defendant's Opposition to Plaintiff's Class Certification Motion. | February 19, 2027 |
| Deadline for Plaintiffs to file reply in support of Class Certification Motion | March 5, 2027 |
| Hearing on motion for class certification and expert exclusion motions (if any) | Set at Court's discretion |
| Deadline for the Parties to meet and confer regarding deadlines for activities and events subsequent to the Court's ruling on Plaintiffs' Class Certification Motion | 30 days after Court's ruling on Plaintiffs' class certification motion |
| Deadline for the Parties to file amended joint proposed case management plan proposing deadlines for activities and events subsequent to the Court's ruling on Plaintiffs' Class Certification Motion | 35 days after Court's ruling on Plaintiffs' class certification motion |

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 20, 2026, a copy of the foregoing was served on counsel through the ECF system, and that a copy was served on the following by electronic mail:

Andrew Roman Perrong

*/s/*