**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| **KIMBERLY CARR,** individually and on behalf of all others similarly situated, | Case No. 3:25-cv-00476-DJH |
| *Plaintiff,* | **CLASS ACTION** |
| *v.* | **JURY TRIAL DEMANDED** |
| **HUMANA INC.** | |
| *Defendant.* | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order directing the parties to file a joint status report on or before July 24, 2026, Plaintiff Kimberly Carr and Defendant Humana Inc., by and through their respective undersigned counsel, hereby submit the following Joint Status Report.

I.      **STATUS OF DISCOVERY**

A.      **Discovery Completed to Date**

The parties have exchanged and served responses and objections to their respective first sets of written discovery. Plaintiff has served written discovery on Defendant and has received Defendant's responses, and Defendant has served written discovery on Plaintiff and has received Plaintiff's responses.

In addition, Plaintiff has served third-party subpoenas on multiple telephone carriers in order to trace the origin of the calls and text message calls at issue. Those carriers have responded, and their productions ultimately identified two entities believed to be involved in the

1

conduct at issue: Lead Economy and Medicare Policy Plus. Plaintiff has served subpoenas on both of those entities. The parties have also begun the process of meeting and conferring in good faith regarding alleged deficiencies in their respective discovery responses, as described further in Section II below.

### B.    Discovery Remaining

The following discovery remains outstanding:

- Completion of the parties' meet and confer efforts regarding the alleged deficiencies in their respective written discovery responses, and the service of any supplemental responses and productions that result from those efforts;
- Service by Defendant of verifications to Plaintiff's interrogatories, which have not been provided to date;
- Entry of a protective order governing the treatment of confidential and potentially HIPAA-protected information, which Defendant has advised is a prerequisite to its document production, and Defendant's production of documents thereafter;
- Responses to Plaintiff's outstanding third-party subpoenas to Lead Economy and Medicare Policy Plus;
- Any motion practice necessary to resolve discovery disputes, which the parties presently anticipate may include cross-motions to compel;
- Fact depositions, including depositions of the parties and of relevant third parties; and
- Class certification and expert discovery.

The parties anticipate that, once the pending deficiencies are addressed and any resulting motion practice is resolved, they will proceed to depositions.

## II.    ISSUES ARISING IN DISCOVERY AND EFFORTS TO RESOLVE THEM

### A.    Alleged Deficiencies in Written Discovery Responses

On July 21, 2026, Defendant served correspondence identifying what it contends are deficiencies in Plaintiff's responses to Defendant's first set of written discovery. Plaintiff intends to serve corresponding meet and confer correspondence identifying what she contends are

deficiencies in Defendant's responses to her first set of written discovery. The parties are therefore in the early stages of identifying and addressing these alleged deficiencies, and they are conferring in good faith in an effort to narrow or resolve them without Court intervention. The parties will continue to confer and, to the extent any disputes cannot be resolved, the parties presently anticipate that cross-motions to compel may be necessary. No such motion is ripe at this time.

### B.      Outstanding Interrogatory Verifications

Defendant has not yet served verifications for some responses to Plaintiff's interrogatories. Defendant has advised that it is working to secure those verifications and will tender them shortly.

### C.      Protective Order

Defendant has advised that it intends to circulate a proposed protective order addressing the treatment of confidential and potentially HIPAA-protected information, and that entry of such an order is a prerequisite to its document production. The parties will confer regarding the form of that order and anticipate submitting a proposed agreed protective order to the Court for entry.

### D.      Third-Party Subpoenas

Plaintiff's subpoenas to Lead Economy and Medicare Policy Plus are past due. Plaintiff intends to follow up with both entities regarding the status of their responses and, if necessary, to move to compel compliance with the subpoenas and/or to seek leave to file an amended complaint to add these entities as parties to this litigation.

### III.    REQUESTED EXTENSION OF THE DEADLINE TO AMEND PLEADINGS OR ADD PARTIES

The current deadline to amend the pleadings or add parties is July 27, 2026. Because the responses to Plaintiff's subpoenas to Lead Economy and Medicare Policy Plus, which third-party discovery suggests was the last hop of record regarding the short code from which the text messages about which Plaintiff complains were sent, remain outstanding, and because Plaintiff submits that the information sought by those subpoenas bears directly on whether additional parties should be added to this action, Plaintiff respectfully requests a thirty day extension of that deadline, through and including August 26, 2026. This request is not made for purposes of delay, and Plaintiff submits that no party will be prejudiced by the requested extension.

Defendant believes that the responses to these subpoenas should not affect the schedule for amendment of the complaint.  Defendant's discovery requests confirmed that it has no responsibility for the text messages about which Plaintiff complains, as it has no relationship with the entities that third-party discovery reveals to have sent the messages. Defendant does not believe that claims based on the sending of text messages by unrelated third parties, for which Defendant has no legal responsibility, should be joined in this action with the claims relating to telephone calls made on behalf of Defendant. Rather, Defendant believes that Plaintiff should amend the complaint to remove the unrelated text message-based claims and should file a separate action against any sender of the text messages, if she so chooses. Notwithstanding, Defendant does not object to a 30-day extension of the deadline for amendment of the complaint, as a matter of professional courtesy.

### IV.    POSITIONS ON SETTLEMENT

**Plaintiff's position:** Plaintiff is willing to engage in settlement discussions and to participate in mediation. Plaintiff believes, however, that any such discussions should proceed on

a classwide rather than an individual basis. Plaintiff is presently in the final stages of tracking down potential class calling records, and she believes that settlement discussions will be most productive once the outstanding subpoena responses have been received and the pleadings (including potential amendments) have been finalized. Plaintiff therefore proposes that the parties revisit settlement after those events have occurred.

**Defendant's position:** Defendant is willing to discuss settlement on an individual basis. As stated above and as confirmed by discovery, Defendant did not cause any text messages to be sent to Plaintiff. Further, the only phone calls it placed to Plaintiff were made in response to calls from Plaintiff or a family member who provided that number as their call-back number. Defendant does not believe that such calls could form a basis for any liability, but even if they could, there is no class that could be certified based on such claims, given that these calls were not part of any marketing campaign but were one-off, returned calls following upon on inquiry calls from Plaintiff.

## V.     SETTLEMENT CONFERENCE

The parties do not believe that a settlement conference with the Court is warranted at this time, for the reasons set forth in Section IV above. The parties will promptly advise the Court if their positions change and a settlement conference would be productive.

Dated: July 24, 2026

Respectfully submitted,

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067

5

Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
*Attorney for Plaintiff and the Proposed Class*

/s/ Darci Madden (with permission)
Darci Madden
Bryan Cave Leighton Paisner LLP
211 North Broadway, Suite 3600,
St. Louis, MO 63102
T: 314-259-2366
darci.madden@bclplaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, Andrew Roman Perrong, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

DATED this July 24, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.