**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| **KIMBERLY CARR,** individually and on behalf of all others similarly situated,<br><br>       *Plaintiff,*<br><br>*v.*<br><br>**HUMANA INC.**<br><br>       *Defendant.* | Case No.<br>3:25-cv-00476-DJH<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Pursuant to the Court's August 6, 2026 Order (ECF No. 44), counsel for Plaintiff Kimberly Carr and counsel for Defendant Humana Inc. have conferred and hereby submit this Joint Status Report. As directed by the Court, a separate agreed proposed revised scheduling order is tendered herewith.

### I.      AMENDMENT OF THE PLEADINGS AND ADDITION OF PARTIES

By Agreed Order entered July 27, 2026 (ECF No. 43), the Court extended the deadline for Plaintiff to amend the pleadings and add parties through and including August 27, 2026. Plaintiff advises the Court that she does intend to amend the complaint and to add additional parties on or before that deadline. Third-party discovery, including responses to subpoenas, identified additional entities believed to be involved in the transmission of the calls at issue, and Plaintiff anticipates naming those entities, and any additional entities identified through the subpoenas served upon them, as defendants in an amended complaint.

1

Defendant expects to oppose any motion to amend, to the extent that it seeks to add claims against any third party based on text messages allegedly received by Plaintiff. As Humana has informed Plaintiff, it had no role in the sending of any text messages to Plaintiff, it did not authorize anyone to send any text messages to Plaintiff on behalf of Humana, and it did not even place advertisements on any website that included the phone number that Plaintiff claims to have called and eventually reached Humana after clicking the link that someone sent to her via text message.  Rule 20 of the Federal Rules of Civil Procedure does not authorize the claims against Humana to be joined with unrelated claims against the third-party sender of these text messages.

## II.  NEED FOR REVISED CASE MANAGEMENT DEADLINES

The deadlines in the Court's April 24, 2026 Scheduling Order (ECF No. 36) were set on the assumption that this action would proceed between the existing parties. Plaintiff's opposed effort to add one or more new  defendants will require motion practice.  Further, if the Court allows new claims against new defendants to be added, those claims will require, among other things, service of process, service of and responses to written discovery directed to and from those parties, and fact and expert depositions involving those parties. Plaintiff further anticipates that discovery from the newly added parties will bear directly on the class certification record, including on the identification of class calling and messaging records, and that class certification briefing should not be completed before that discovery is obtained. Defendant contests that claims against a third-party should have any effect on the claims here, but joins in Plaintiff's request to extend the current schedule in order to allow time for motion practice regarding the proposed amendment, as well as the resolution of a discovery dispute regarding Plaintiff's responses to written discovery, which the parties have now met and conferred about and been unable to resolve.

Under the current schedule, fact discovery closes on September 25, 2026. In light of the anticipated dispute about the motion to amend as well as the dispute regarding Plaintiff's written discovery responses, the existing schedule therefore cannot practically be maintained.

Accordingly, the parties propose that the Court reset the remaining deadlines as follows:

### III.    PROPOSED REVISED DEADLINES

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Amendment of pleadings / joinder of additional parties | August 27, 2026 (ECF No. 43) | August 27, 2026 (unchanged) |
| Rule 26(a)(1) initial disclosures by newly added parties | N/A | October 30, 2026 |
| Close of fact discovery (named plaintiff's claims and Rule 23 issues) | September 25, 2026 | March 5, 2027 |
| Plaintiff's class certification expert identification | October 2, 2026 | March 12, 2027 |
| Depositions of Plaintiff's experts | October 23, 2026 | April 2, 2027 |
| Defendant's class certification expert identification | November 13, 2026 | April 23, 2027 |
| Depositions of Defendant's experts | December 4, 2026 | May 14, 2027 |
| Motion for class certification | January 29, 2027 | July 9, 2027 |
| Response to motion for class certification | February 19, 2027 | July 30, 2027 |
| Reply in support of class certification | March 5, 2027 | August 13, 2027 |
| Joint status report | July 24, 2026 (filed) | January 8, 2027 |

As in the existing schedule, the remaining deadlines would be set after the Court determines whether to grant the anticipated motion for class certification.

The deadline for amendment of the pleadings and joinder of additional parties would remain August 27, 2026, as previously ordered. A separate agreed proposed revised scheduling

3

order reflecting the above deadlines is tendered contemporaneously with this report for the Court's consideration.

## IV.    STATUS OF DISCOVERY

Since the parties' July 24, 2026 Joint Status Report (ECF No. 42), the parties have continued to confer regarding alleged deficiencies in their respective responses to written discovery. The parties have narrowed their dispute regarding Plaintiff's written discovery responses, but have been unable to resolve all areas of dispute. Accordingly, Defendant intends to file a motion to compel the production of certain additional material shortly.  Plaintiff has advised that she intends to raise certain concerns regarding Defendant's written discovery responses but she has not yet identified those (other than to identify that Defendant has not yet tendered a verification for its interrogatory responses, which Defendant intends to provide shortly).  The parties are also working together on an stipulation to protect confidential and potentially HIPAA-protected information, which Defendant has advised is a prerequisite to its document production.  The parties also expect to produce additional documents and to conduct several fact witness depositions.

The parties will continue to confer in good faith and, consistent with the Local Rules and paragraph (3) of the Court's Scheduling Order, will contact the Case Manager to schedule a telephonic conference before filing any discovery motion.

## V.    SETTLEMENT

Plaintiff's position: Plaintiff remains willing to engage in settlement discussions and to participate in mediation, but submits that any such discussions should proceed on a classwide rather than an individual basis, and that they will be most productive after the amended

4

complaint is filed, the newly added parties have appeared, and the outstanding third-party discovery has been received.

Defendant is willing to discuss settlement on an individual basis but is not willing to discuss settlement with any putative class.

The parties do not believe that a settlement conference with the Court would be productive at this time, but will promptly advise the Court if their positions change.

Dated: August 13, 2026

Respectfully submitted,

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
*Attorney for Plaintiff and the Proposed Class*

/s/ Darci Madden (with permission)
Darci Madden
Bryan Cave Leighton Paisner LLP
211 North Broadway, Suite 3600,
St. Louis, MO 63102
T: 314-259-2366
darci.madden@bclplaw.com
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew Roman Perrong, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

DATED this August 13, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.